NUMBER
13-10-00119-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

RENE RIVAS, JR.,                                                                         Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                 Appellee.


____________________________________________________________

 

                           On
appeal from the 103rd District Court 

                                      of
Cameron County, Texas.

____________________________________________________________

 

                               MEMORANDUM
OPINION

 

         Before Chief
Justice Valdez and Justices Yañez and Garza

Memorandum Opinion
Per Curiam

 

Appellant,
Rene Rivas, Jr., attempted to perfect an appeal from a conviction for assault
and sexual assault.  We dismiss the appeal for want of jurisdiction.








This
Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal.  Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App.
1996).  Absent a timely filed notice of appeal, a court of appeals does not
have jurisdiction to address the merits of the appeal and can take no action
other than to dismiss the appeal for want of jurisdiction.  Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  

The
trial court imposed sentence in this matter on October 15, 2009.  Appellant
filed his notice of appeal on March 11, 2010.  On April 19, 2010, the Clerk of
this Court notified appellant that it appeared that the appeal was not timely
perfected and that the appeal would be dismissed if the defect was not
corrected within ten days from the date of receipt of the Court=s directive.  Appellant has not filed a response to the
Court=s directive.  

Unless
a motion for new trial has been timely filed, a notice of appeal must be filed
within thirty days after the day sentence is imposed or suspended in open
court, or after the day the trial court enters an appealable order.  Tex. R. App. P. 26.2(a)(1).  Where a
timely motion for new trial has been filed, the notice of appeal must be filed
within ninety days after the day sentence is imposed or suspended in open
court.  See id. 26.2(a)(2).  The time within which to file the notice
may be enlarged if, within fifteen days after the deadline for filing the
notice, the party files the notice of appeal and a motion complying with Rule
10.5(b) of the Texas Rules of Appellate Procedure.  See id. 26.3.

Appellant=s notice of appeal, filed almost five months after
sentence was imposed, was untimely, and accordingly, we lack jurisdiction over
the appeal.  See Slaton, 981 S.W.2d at 210.  Appellant may be entitled
to an out‑of‑time appeal by filing a post‑conviction writ of
habeas corpus returnable to the Texas Court of Criminal Appeals; however, the
availability of that remedy is beyond the jurisdiction of this Court.  See
Tex. Code Crim. Proc. Ann. art.
11.07, ' 3(a) (Vernon 2005); see also Ex
parte Garcia, 988 S.W.2d 240 (Tex. Crim. App. 1999).








The
appeal is DISMISSED FOR WANT OF JURISDICTION.                                                                                                                         PER
CURIAM

Do not publish.  

See Tex. R. App. P.
47.2(b).

 

Delivered and filed the

17th day of June, 2010.